UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 10-10691-HRT |
| RUMSEY LAND CO., LLC | ) | |
| EIN: 41-210075 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## MOTION FOR APPROVAL AND USE OF
## RETAINER AND PAYMENT PROCEDURE

The Debtor and Debtor in Possession, Rumsey Land Co., LLC, by and through its attorneys, Kutner Miller Brinen, P.C., moves the Court for an Order approving the payment of a retainer to bankruptcy counsel and payment procedure, and as grounds therefor states as follows:

1.    The Debtor filed its Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on January 15, 2010.

2.    The Debtor owns real in Elizabeth, Nederland and Rumsey Colorado.  The Debtor also owns water rights associated with Rumsey.  The Rumsey property has been from time to time leased for farming purposes, but currently there is no ongoing farming.  There are improvements comprised of three residences in various states of repair on the Rumsey property.

3.    In connection with the Debtor's Chapter 11 filing, the Debtor retained the firm of Kutner Miller Brinen, P.C. ("KMB" or "Counsel") to represent it as bankruptcy counsel in this case.

4.    Counsel has requested a retainer for undertaking this matter in the amount of $30,000. Counsel was paid a retainer by the Debtor in the amount of $15,000.  Investors in the Debtor have agreed to provide an additional $15,000.  Given the emergent nature of the bankruptcy filing Counsel agreed to accept a pre-bankruptcy retainer of $15,000 with an additional $15,000 to be paid, other than from Rumsey Land Co. LLC, on or before January 25, 2010.  The Debtor has not been requested to, has, and will not enter into any form of agreement, note, or otherwise provided any consideration for the additional $15,000.  The Debtor is not indebted or otherwise obligated to any person or entity as a result of the payment of the retainer.  The Debtor, through its manager, Rod Guerrieri, has advised the Debtor's investors and the investors understand that there is no attorney-

1

client relationship between Counsel and any of the investors and that Counsel has an exclusive duty of loyalty to the Debtor and the bankruptcy estate. Additionally, investors have been advised that they will need to retain independent legal counsel to represent their interests, and that Counsel's duty of undivided loyalty is owed exclusively to the Debtor. A copy of the Declaration of Mr. Guerrieri is attached hereto as Exhibit A and incorporated herein by reference.

5. RLF II is a secured creditor of the Debtor. RLF II is owned by some of the investors of the Debtor. RLF II has not received payment from the Debtor within the past year. Accordingly, at this time counsel believes that RLF II is not subject to preference or fraudulent convenience claims.

6. The payment of a retainer is consistent with 11 U.S.C. Section 328 and is a reasonable basis for employment. Given the nature of this case, the fees and costs may exceed the amount of the retainer. Notice is being provided to creditors under Local Rule 202 and Bankruptcy Rule 2002.

7. Notice of this Motion is being provided to creditors and parties in interest informing them of the retainer, the source of the retainer, and the amount of the retainer.

8. The Debtor proposes the following payment procedure: KMB shall be paid through the retainer, or by the Debtor on a monthly basis: (1) 100% of the out of pocket costs incurred as allowable under the guidelines established by the United States Trustee's Office; and (2) 75% of the fees incurred. All fees and costs will be subject to interim and final approval by the Court upon filing interim and final fee applications. The first interim fee application will be filed within no later than 140 days after the Petition Date and all subsequent interim fee applications will be filed within 120 days of the previous application.

9. The Debtor can afford to pay the legal fees proposed herein from the retainer. In addition, the Debtor intends on obtaining, subject to Bankruptcy Court approval, Debtor in Possession financing in the amount of $50,000 in the form of a line of credit on an unsecured basis to fund the Debtor's expenses, including taxes, insurance, quarterly fees, and legal fees.

10. Counsel projects that its costs and expenses will average $5,000 depending upon the level of litigation in this case.

11. It is in the best interests of the Debtor and the estate to have bankruptcy counsel and the employment of counsel based upon the retainer and payment procedure described herein.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, a proposed form of order is filed herewith, after notice with opportunity for a hearing, approving the retainer, the use of the retainer and payment procedure as set forth herein, and for such further and additional relief as to the Court may appear proper.

DATED: January 18, 2010

Respectfully submitted,

By:_____

Aaron A. Garber #36099
**KUTNER MILLER BRINEN, P.C.**
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone:  (303) 832-2400
Telecopy: (303) 832-1510

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 18, 2010, I served by prepaid first class mail a copy of the foregoing **MOTION FOR APPROVAL AND USE OF RETAINER AND PAYMENT PROCEDURE; NOTICE OF MOTION FOR APPROVAL AND USE OF RETAINER AND PAYMENT PROCEDURE; AND ORDER APPROVING PAYMENT AND USE OF RETAINER AND PAYMENT PROCEDURE** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:


United States Trustee
999 18th Street
Suite 1551
Denver, CO 80202


DATED:  January 18, 2010            By::

                                    Vicky Martina

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                    )
                                          )       Case No. 10-10691-HRT
RUMSEY LAND CO., LLC                      )
EIN: 41-210075                            )       Chapter 11
                                          )
          Debtor.                         )

## VERIFIED STATEMENT OF ROD GUERRIERI

I, Rod Guerrieri, do hereby state under penalty of perjury

1.  I am the manager of the Debtor.

2.  Counsel has requested a retainer for undertaking this matter in the amount of $30,000. Counsel was paid a retainer by the Debtor in the amount of $15,000. Investors in the Debtor have agreed to provide an additional $15,000. Given the emergent nature of the bankruptcy filing Counsel agreed to accept a pre-bankruptcy retainer of $15,000 with an additional $15,000 to be paid, other than from Rumsey Land Co. LLC, on or before January 25, 2010. The Debtor has not been requested to, has, and will not enter into any form of agreement, note, or otherwise provided any consideration for the additional $15,000. The Debtor is not indebted or otherwise obligated to any person or entity as a result of the payment of the retainer. The Debtor, through me, has advised the Debtor's investors and the investors understand that there is no attorney-client relationship between Counsel and any of the investors and that Counsel has an exclusive duty of loyalty to the Debtor and the bankruptcy estate. Additionally, investors have been advised that they will need to retain independent legal counsel to represent their interests, and that Counsel's duty of undivided loyalty is owed exclusively to the Debtor.

3.  RLF II is a secured creditor of the Debtor. RLF II is owned by some of the investors of the Debtor. RLF II has not received payment from the Debtor within the past year.

4.  The Debtor can afford to pay the legal fees proposed herein from the retainer. In addition, the Debtor intends on obtaining, subject to Bankruptcy Court approval, Debtor in Possession financing in the amount of $50,000 in the form of a line of credit on an unsecured basis to fund the Debtor's

**EXHIBIT A**

expenses, including taxes, insurance, quarterly fees, and legal fees.

_____
Rod Guerrieri

Subscribed and sworn to before me this _15_ day of January, 2010 at Denver, Colorado.

Witness my hand and official seal.

My commission expires: _02·03·2013_

_____
Notary Public

CYNTHIA CHO
NOTARY
PUBLIC
STATE OF COLORADO