UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 10-10691-HRT |
| RUMSEY LAND CO., LLC | ) | |
| EIN: 41-210075 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## DEBTOR'S MOTION TO DISMISS BANKRUPTCY CASE

Rumsey Land Co., LLC (the "Debtor" or "Rumsey"), the debtor and debtor-in-possession herein, hereby files its Motion to Dismiss Bankruptcy Case and in support thereof respectfully states as follows:

### BACKGROUND

1.  The Debtor filed its Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on January 15, 2010. The Debtor remains a Debtor-in-Possession.

2.  The Debtor continues in possession of its properties and is operating and managing its businesses, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  The Debtor is a privately held company in the business of owning real property in Elizabeth, Nederland, and Evans Colorado with water rights, gravel rights, and additional interests associated with the Evans Property ("Assets").

4.  The Evans property is subject to two secured claims. A review of the security interests currently encumbering the Evans Property is generally set forth as follows:[1]

_____

[1] The discussion of the secured claims is not an admission by the Debtor of the amount, extent, or validity of the claims.

    a. A first Deed of Trust to secure a loan made by Pueblo Bank and Trust ("Pueblo"). The Pueblo Deed of Trust collateralizes multiple properties owned by the Debtor including the Evans property. Pueblo has filed a proof of claim in the amount of $5,640,292.72.

    b. A second Deed of Trust to secure a loan held by RLF II. The Deed of Trust encumbers the Evans property. The amount outstanding on the loan is approximately $3,705,000.[2]

5. The Elizabeth and Nederland properties are encumbered by the lien held by Pueblo.

6. In connection with all matters related to the marketing and sale of the Assets, the Debtor retained the services of General Capital Partners, LLC ("Broker").

7. On December 26, 2011, the Debtor filed its motion for the entry of orders (i) approving the sale of substantially all of the Debtor's assets free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363; (ii) approving sale and notice procedures for such sale; (iii) approving the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases in connection with such sale pursuant to 11 U.S.C. § 365; and (iv) granting related relief.

8. The assets proposed to be sold were:

    A. Lot A shall be comprised of the water rights of the Evans property;

    B. Lot B shall be comprised of the water storage rights of the Evans property;

    C. Lot C shall be comprised of the aggregate mining rights of the Evans property;

---

2 Debtor and the creditors John and Richard Green dispute that RLFII properly perfected its purported security interest. Among other things, the deed of trust recorded for the benefit of RLF II does not contain a legal description of the property to be encumbered. Moreover, the loan documents between RLF II and Debtor do not reference water rights.

D.    Lot D shall be comprised of the residual surface and development rights of

the Evans parcel;

E.    Lot E shall be comprised of the surface and development rights of the

Nederland parcel;

F.    Lot F shall be comprised of the surface and development rights of the

Elizabeth parcel; and

G.    Lot G shall be comprised of Lots A through F.

9.    On March 2, 2011, the Court entered an Order approving the Sale and Notice

Procedures for the proposed sale (the "Procedure Order").

10.  In accordance with the Procedure Order, on May 11, 2011 at approximately 11:00

a.m., an auction was conducted at the office of Kutner Miller Brinen PC.

11.  The auction was concluded declaring:

(a) Confluence Resource Holdings, LLC ("Confluence") as having made the highest and best offer for Lots A through D (the water rights of the Evans property; the water storage rights of the Evans property; the aggregate mining rights of the Evans property; the residual surface and development rights of the Evans parcel). The terms of the Confluence bid generally were:

   i. An earnest money promissory note in the amount of $100,000 to be held by North American Title Company. If Confluence proceeds with the sale, the note shall be converted to cash.

   ii. Confluence shall have 60 days from the date of entry of an Order approving the sale to conduct due diligence. At the end of 60 days, Confluence shall either provide notice that it intends on proceeding to a closing or, if no notice is provided, the Purchase Contract shall be deemed terminated.

   iii. If Confluence proceeds with the sale, a closing shall occur within 30 days of notice being provided.

   iv. The purchase price shall be $8,600,000 to be paid as follows: (a) $5,200,000.00 in cash by cashier's check, certified check or wire transfer of immediately available U.S. funds at closing; (b) $3,400,000.00 in the form of a promissory note secured by a junior lien of trust on the Rumsey farm only. The note shall accrue interest at a rate of 5%. The note shall come due in approximately 3 years.

(b) Westside Investment Partners, Inc. ("Westside") as having made the highest and best offer one for each of Lots E and F (the Nederland parcel and the Elizabeth parcel).
   Lot E: Nederland $200,000

3

Lot F: Elizabeth: $43,750

(c) Pueblo Bank and Trust as the back up bidder with a credit bid of $5,000,000 for Lot G. Given the contingent nature of the Confluence offer, the Westside offers are only the highest and best offers for the Nederland and Elizabeth parcels if the Confluence sale proceeds to closings.  If the Confluence sale does not proceed to closing, then Pueblo Bank and Trusts offer is the highest and best offer.

12. On August 15, 2011, Confluence provided notice, a copy which is attached hereto as Exhibit A, stating it was not proceeding to closing.  Thus, all of the Assets will be transferred to Pueblo Bank and Trust pursuant to its credit bid.

## RELIEF REQUESTED

13. By this Motion, the Debtor is requesting that this Chapter 11 bankruptcy case be dismissed.

14. The transfer of the Assets to Pueblo Bank and Trust will not yield any proceeds to transfer to creditors. The Debtor has no source of income.  The Debtor's primary assets were the Assets.  The Debtor has approximately $1,633,126 in accounts receivable, comprised primarily of debt from companies that have an affiliation with the Debtor, which the Debtor believes at this time is largely uncollectable. Pursuant to the Debtor's Statement of Financial Affairs, the Debtor made no avoidable transfers.

4

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed

form is filed herewith, dismissing this bankruptcy case, and granting such other relief as may be

just.

Dated: August 23, 2011

Respectfully submitted,

_____
Aaron A. Garber #36099

**Kutner Miller Brinen, P.C.**
303 East Seventeenth Ave.
Suite 500
Denver, CO 80203
Telephone: (303) 832-2400
Facsimile: (303) 832-1510
Email: aag@kutnerlaw.com

ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2011, I served by prepaid first class mail or e-mail a copy of the **MOTION TO DISMISS CASE** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

William A. Morris, Jr., Esq.
1600 Broadway
Ste. 2600
Denver, CO 80202

Peter A. Cal, Esq.
633 17th St.
Ste. 3000
Denver, CO 80202-3665

Joel Laufer, Esq.
5290 DTC Pkwy,
Ste. 150
Englewood, CO 80111

Shaun A. Christensen, Esq.
1917 Market St.
Ste. A
Denver, CO 80202

John T. Sullivan, Esq.
3223 Arapahoe Ave.
Ste. 300
Boulder, CO 80303

Michael G. Milstein, Esq.
621 Seventeenth St.
19th Floor
Denver, CO 80293

Lisa K. Mayers, Esq.
1700 Lincoln St.
Ste. 3800
Denver, CO 80203

Paul Moss, Esq.
999-18th St.
Ste. 1551
Denver, CO 80202

*s/Angela R. Upton*
Angela R. Upton

# Lawlis & Bruce, LLC
Attorneys at Law

1875 Lawrence Street, Suite 750
Denver, Colorado 80202
Ph. 303.573.5498
Fax. 303.573.5537
www.lawlisbruce.com

ROBERT J. BRUCE
JANE M. LAWLIS

Robbin A. Lego
Andrew (Rusty) Perry

August 15, 2011

**VIA EMAIL AND PERSONAL DELIVERY**
Rumsey Land Company, LLC
Attn: Rod Guerrieri
535 16th St., Suite 600
Denver, CO 80202

**VIA EMAIL AND FACSIMILE**
Aaron A. Garber, Esq.
Kutner Miller Brinen, P.C.
303 E. 17th Avenue, Suite 500
Denver, CO 80203

RE:  Purchase Contract between Rumsey Land Co., LLC ("Seller")
and Confluence Resource Holdings, LLC ("Purchaser")

Dear Sirs:

Pursuant to Section 4.1 of the above referenced Contract, the Purchaser based upon its inspections, elects not to proceed with closing under the Contract. All earnest money related to the Contract should be returned to Purchaser.

Please contact me if you have any questions about the matter.

Very truly yours,

Robert J. Bruce

cc:  Todd Fisher (via email)
     Kevin Blair (via email)

**Exhibit A**